*935
 
 |,ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Donald G. Coffman, Jr., an attorney licensed to practice law in Louisiana, but currently ineligible to practice.
 

 FORMAL CHARGES
 

 Respondent was involved in a bond-trading program wherein investors’ funds were to be maintained in an offshore account and used as collateral by foreign investors engaged in day-trading. The investments were “guaranteed” to pay out substantial returns in a short period of time. When the investments failed to pay out as promised, individual investors sued respondent, resulting in a multi-million dollar default judgment against him. However, respondent’s whereabouts were unknown to the investors, and the judgment has never been enforced.
 

 Lafayette businessman Bryant Kountz invested $150,000 in one such investment program in which respondent was involved. On June 15, 2000, respondent issued Mr. Kountz a $150,000 check from his client trust account at the Whitney National Bank. Mr. Kountz contends the check was issued as collateral for his investment and was to be negotiated if the investment failed. Respondent, however, claims the check was intended only as a receipt. In any event, when ^respondent issued the check to Mr. Kountz, he knew the account did not have sufficient funds to cover the check and/or he knew the account was closed.
 

 When Mr. Kountz’s investment failed to pay out as promised, he negotiated respondent’s check. The bank issued certified funds against respondent’s client trust account check before the check cleared the account. Respondent’s check was later dishonored because the account was closed. As a result, respondent was investigated for alleged bank fraud and issuing a worthless check.
 
 [1]
 
 The criminal charges against respondent were later dismissed after he reportedly made restitution.
 

 In July 2005, the ODC sent respondent notice of the disciplinary complaint against him. Initially, respondent cooperated with the investigation. However, beginning in October 2005 and continuing through August 2007, respondent failed to cooperate with the ODC. Despite numerous requests, he failed to provide the ODC with his bank account records and failed to sign a bank waiver so the ODC could obtain the account records directly from the bank. In March 2008, respondent’s attorney informed the ODC that he was no longer aware of respondent’s whereabouts and had not spoken to respondent in some time. All subsequent correspondence to
 
 *936
 
 respondent was returned marked “unclaimed” or “unable to forward.”
 

 DISCIPLINARY PROCEEDINGS
 

 In July 2008, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, 1 strustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
 

 Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee determined that the ODC proved its case by presenting documentary evidence and by the order declaring the factual allegations deemed proven. The committee further determined the evidence is clear and convincing that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The committee determined that respondent intentionally issued a $150,000 client trust account check to Mr. Kountz with the understanding and knowledge that there were insufficient funds to cover the check. As a result, respondent caused substantial actual harm and potential harm. After reviewing the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined that the baseline sanction is disbarment.
 

 In aggravation, the committee found a dishonest or selfish motive, submission of false evidence, false statements, or other deceptive practices during the disciplinary process, and refusal to acknowledge the wrongful nature of the conduct. The sole 14mitigating factor found by the committee was the absence of a prior disciplinary record.
 

 The committee found that, as a direct result of respondent’s failure to cooperate with the ODC, neither the rationale for respondent’s misconduct nor the extent of the harm caused by his actions will ever be known. Believing that respondent should not benefit from his failure to cooperate with the ODC, the committee recommended that respondent be permanently disbarred.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation. However, respondent sent a letter to the disciplinary board, in which he indicated that the $150,000 check was simply a “written memorial” until he could provide Mr. Kountz with a receipt. Respondent stated that he informed Mr. Kountz the check would be no good once he transferred Mr. Kountz’s $150,000 out of his client trust account and into the investment program. Respondent also stated that he never intended to deceive or take advantage of Mr. Kountz. Finally, respondent stated that he was “merely the coordinator to facilitate the desires of Mr. Kountz to invest with Mr. [David] Gilli-land,” whom he claimed turned out to be “a swindler and a crook.” Respondent claimed that Mr. Gilliland pled guilty to
 
 *937
 
 fraud and admitted respondent had no knowledge of his schemes and intentions.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board found that the hearing committee’s factual findings are supported by the factual allegations asserted in the formal charges, which are deemed admitted, and/or by the documentary evidence submitted in support of the allegations. The board also determined that the committee correctly concluded respondent violated the Rules of Professional Conduct as charged.
 

 |sThe board determined that respondent knowingly and intentionally violated duties owed to the public and the legal profession. His conduct caused serious injury, considering the large amount of money involved. The board agreed with the committee that the applicable baseline sanction in this matter is disbarment.
 

 The board found the following aggravating factors present: a dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, and refusal to acknowledge the wrongful nature of the conduct. The board agreed that the sole mitigating factor is the absence of a prior disciplinary record.
 

 The board noted that the committee’s recommendation of permanent disbarment was well-intentioned and motivated by a desire to protect the public. However, the board determined that an upward deviation to permanent disbarment cannot be supported as a matter of law. Accordingly, the board recommended that respondent be disbarred.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992).
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § | (¡11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 The deemed admitted facts in this matter indicate that respondent wrote a check in the amount of $150,000 to Mr. Kountz from his client trust account, knowing the funds were not in the account. When Mr. Kountz later negotiated the check, the account was closed. Respondent then failed to cooperate with the ODC in its investigation of the matter. In issuing the worthless check and failing to cooperate with the ODC, respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 Having found evidence of professional misconduct, we now turn to a deter-
 
 *938
 
 initiation of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 | ^Respondent knowingly and intentionally violated duties owed to the public and the legal profession. He caused serious harm to Mr. Kountz, who was charged with bank fraud after negotiating the check. The potential for further serious harm existed had the criminal charges against Mr. Kountz not been dismissed. We agree with the hearing committee and the disciplinary board that the baseline sanction is disbarment. We also agree with the aggravating and mitigating factors found by the board.
 

 We find the appropriate sanction for respondent’s misconduct is disbarment. Respondent intentionally issued a worthless check on his client trust account and failed to cooperate with the ODC in its investigation. The numerous aggravating factors present in this matter, and relative lack of mitigating factors, suggest that no downward deviation is warranted from the baseline sanction of disbarment. Accordingly, we will adopt the disciplinary board’s recommendation and disbar respondent.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that the name of Donald G. Coffman, Jr., Louisiana Bar Roll number 22755, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tem-pore,
 
 participating in the decision.
 

 [1]
 

 . Mr. Kountz was also investigated for alleged bank fraud, but the criminal charges against him were later dismissed.