*282
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, John C. Geiger. For the reasons that follow, we will accept the recommendation of the disciplinary board and suspend respondent for a period of one year and one day, fully deferred, subject to a two-year probationary period with conditions.
 

 FORMAL CHARGES
 
 [1]
 

 In Count I of the formal charges, the ODC alleged that between December 1996 and March 2002, respondent employed Tasha Blanchard in a clerical/bookkeeper capacity. According to the ODC, respondent provided Ms. Blanchard with access to all of his attorney bank accounts, including his trust, real estate trust, and operating accounts. The ODC further alleged respondent improperly delegated to her the authority to prepare and sign checks and to reconcile these accounts, and that respondent failed to supervise her handling of the bank accounts, bookkeeping and related functions. As a result of respondent’s failure to 12properly supervise Ms. Blanchard’s handling of these accounts, the ODC alleged that funds may have been misappropriated from your trust accounts. It charged that respondent’s failure to supervise his trust accounts violated Rules 1.15(a)(b)(c),
 
 [2]
 
 5.3(a)(b),
 
 [3]
 
 and
 
 8.4(a)
 

 [4]
 

 of the Rules of Professional Conduct.
 

 
 *283
 
 In Count II, the ODC alleged that between February 1, 2000 and April 30, 2003, respondent settled personal injury cases on behalf of clients, deposited the settlement proceeds into his trust account, and withheld funds to pay third-party medical providers. According to the ODC, respondent failed to properly maintain those funds in his trust account, resulting in a commingling and conversion of either client or third-party funds in varying amounts, at various times, up to a total amount of $26,977.83 as of September 15, 2006. The ODC charged that the commingling and conversion of these funds violated Rules 1.15(a)(b)(c) and 8.4(a)(c)
 
 [5]
 
 of the Rules of Professional Conduct.
 

 Thereafter, the ODC and respondent filed joint stipulations. Respondent stipulated to the facts as alleged by the ODC, although he reserved his right to contest the legal conclusions following from those facts. At the hearing, respondent orally stipulated that his conduct violated Rules 1.15(a)(b)(e), 5.3(a)(b), and 8.4(a). He denied violating Rule 8.4(c).
 

 | .DISCIPLINARY PROCEEDINGS
 

 Hearing Committee Report
 

 Based on respondent’s stipulations and other evidence in the record, the hearing committee made a finding of fact that respondent’s non-lawyer assistant, Tasha Blanchard, embezzled money from respondent’s trust account. It further found respondent’s trust account was overdrawn on several occasions, but the only reason it was overdrawn was due to Ms. Blanchard’s embezzlement. The committee determined respondent’s conduct violated Rules 1.15(a)(b)(c), 5.3(a)(b), and 8.4(a), but it declined to find a violation of Rule 8.4(c).
 

 In assessing a baseline sanction, the committee noted that respondent was negligent in dealing with third-party and client property, because he gave his employee access to this property without appropriate checks and balances, thereby allowing his employee to misappropriate these funds. It also found the misappropriation caused actual harm to third-party providers who were not paid when payment was due. However, the committee pointed out respondent did not personally benefit from the misappropriated funds, did not convert any of these funds to his own use, and had no personal knowledge of the misappropriation of the funds. Considering these findings, the committee concluded the baseline sanction was a suspension.
 

 In mitigation, the committee identified the following factors: absence of a prior disciplinary record; absence of a dishonest or selfish motive; timely good faith effort to make restitution or to rectify the consequences of misconduct; good character and reputation; full and free cooperative attitude toward the disciplinary proceedings; and remorse. The sole aggravating factor found by the committee was respondent’s substantial experience in the practice of law, having been admitted to the bar since 1980.
 

 14After considering these factors, the committee recommended that respondent be suspended from the practice of law for one year, fully deferred, subject to a one-year period of probation, with the conditions that he successfully complete the Louisiana State Bar Association’s Ethics
 
 *284
 
 School, and pay all costs and expenses of the disciplinary proceedings.
 

 Disciplinary Board Recommendation
 

 The disciplinary board found the hearing committee’s factual findings were not manifestly erroneous. It further agreed with the rule violations as identified by the hearing committee.
 

 In determining an appropriate baseline sanction, the board determined that although the actual conversion in this case was a result of respondent’s negligence, his failure to safeguard the client/third-party property was knowing. In support, the board cited respondent’s testimony that if he had merely reviewed a trust account statement, he would have noticed the problems caused by Ms. Blanchard’s embezzlement. Citing Standard 4.1
 
 [6]
 
 of the
 
 ABA Standards of Imposing Lawyer Discipline,
 
 the board explained the baseline sanction for this misconduct was a suspension.
 

 The board noted that respondent is guilty of at least a high degree of negligence, and the nature of the conversion was extensive. Nonetheless, the board | ^recognized that there were significant mitigating factors in this case. It also emphasized the fact that respondent did not benefit in any way from the conversion.
 

 Relying on these findings and jurisprudence from this court, the board recommended that this court impose a fully-deferred one year and one day suspension.
 
 [7]
 
 The board further recommended respondent be placed on probation for a period of two years, with certain conditions.
 
 [8]
 

 Neither respondent nor the ODC objected to the disciplinary board’s recommendation. Accordingly, the matter was presented to this court for entry of an order of discipline pursuant to Supreme Court Rule XIX, § ll(G)(a).
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 In re Sharp,
 
 09-0207 (La.6/26/09), 16 So.3d 343. In general, we defer to the credibility
 
 *285
 
 Revaluations made by the hearing committee members, as they have had the benefit of hearing the live testimony of witnesses, and act as the eyes and ears of this court.
 
 See In re Holliday,
 
 09-0116 (La.6/26/09), 15 So.3d 82;
 
 In re: Bolton,
 
 02-0257 (La.6/21/02), 820 So.2d 548.
 

 In the instant case, the hearing committee made a finding of fact that respondent’s non-lawyer assistant embezzled money from respondent’s trust account, causing respondent’s trust account to become overdrawn on several occasions. Based on this finding, the committee determined respondent violated Rules 1.15(a)(b)(c), 5.3(a)(b), and 8.4(a). We see no error in these factual and legal conclusions, and therefore adopt them as our own.
 

 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 In re Coffman,
 
 09-1165 (La.9/25/09), 17 So.3d 934. The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances.
 
 In re Smith,
 
 09-1141 (La.9/25/09), 17 So.3d 927.
 

 The record reveals that respondent acted negligently by giving his non-lawyer employee access to accounts containing client and third-party funds without imposing sufficient safeguards, which allowed his employee to misappropriate these funds. Respondent’s negligence caused actual harm to third-party providers who were not paid properly. Nonetheless, we recognize respondent did not personally benefit from the misappropriated funds, did not convert any of these funds to his own use, and had no personal knowledge of the misappropriation of the funds. Our jurisprudence indicates that the baseline sanction for negligent conversion without any ^accompanying fraudulent actions is a suspension.
 
 See generally Louisiana State Bar Association v. Hinrichs,
 
 486 So.2d 116 (La.1986). We have imposed fully-deferred suspensions in cases where the misconduct stems from the lawyer’s failure to adequately supervise non-lawyer staff members.
 
 See In re Overton,
 
 09-2125 (La.11/6/09), 20 So.3d 479 (fully-deferred one year and one day suspension (by consent) imposed on lawyer who failed to adequately supervise her non-lawyer staff).
 

 Numerous mitigating factors are present in this case: absence of a prior disciplinary record; absence of a dishonest or selfish motive; timely good faith effort to make restitution or to rectify the consequences of misconduct; good character and reputation; full and free cooperative attitude toward the disciplinary proceedings; and remorse. The sole aggravating factor is respondent’s substantial experience in the practice of law.
 

 Considering all the facts and circumstances of this case, we find the appropriate sanction is a suspension from the practice of law for a period of one year and one day. However, in light of the significant mitigating factors and the fact that respondent did not personally benefit in any way from the conversion, we will defer that suspension in its entirety and place respondent on probation for a period of two years, subject to the specific conditions recommended by the disciplinary board. Any violation of these conditions or any other misconduct by respondent during the probationary period may result in either making the deferred suspension exec-
 
 *286
 
 utory or additional discipline, as appropriate.
 

 DECREE
 

 Upon review of the findings and recommendations of the disciplinary board, and considering the record, it is ordered that John C. Geiger, Louisiana Bar Roll number 6000, be suspended from the practice of law for a period of one year and one |sday. It is further ordered that this suspension be deferred in its entirety, and that respondent be placed on probation for a period of two years, subject to the conditions recommended by the disciplinary board. Any violation of these conditions or any other misconduct by respondent during the probationary period may result in either making the deferred suspension executory or additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . In addition to the two counts of formal charges currently before the court, the ODC filed a third count involving allegations of commingling. The hearing committee and disciplinary board recommended this count be dismissed on the ground that the ODC failed to prove the allegation by clear and convincing evidence. The ODC has not objected to this recommendation. Accordingly, we will not discuss this count of the formal charges. See
 
 In re Carr,
 
 03-3138 (La.5/25/04) atp. 3, n. 2, 874 So.2d 823, 825.
 

 [2]
 

 . At the time of the misconduct, Rule 1.15(a)(b)(c) provided that a lawyer shall (1) keep the property of clients and third parties separate from the lawyer's own property; (2) promptly notify clients and third parties upon receiving funds in which they have an interest; and (3) keep property separate in which the lawyer and another person claim an interest until there is an accounting and severance of interests.
 

 [3]
 

 .Rule 5.3(a) provides, "[a] partner in a law firm shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer." Rule 5.3(b) provides, "[a] lawyer having direct supervisory authority over the non-lawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer."
 

 [4]
 

 . Rule 8.4(a) provides that it is professional misconduct to violate the Rules of Professional Conduct, or do so through the acts of another.
 

 [5]
 

 . Rule 8.4(c) provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
 

 [6]
 

 . Standard 4.1 ‘‘Failure to Preserve the Client's Property” provides, in pertinent part:
 

 Absent aggravating or mitigating circumstances the following sanctions are generally appropriate in cases involving the failure to preserve client property:
 

 4.12 Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.
 

 [7]
 

 . In rejecting the hearing committee's recommendation of a one-year fully-deferred suspension as too lenient, the board explained that respondent should face a potential reinstatement proceeding if he violates his probation.
 

 [8]
 

 .The board recommended the following conditions:
 

 1) Attendance at the LSBA's Trust Accounting School;
 

 2) Reconciliation of any trust account maintained by Respondent by a CPA on a semiannual basis;
 

 3) Compliance with the Rules of Professional Conduct; and
 

 4) Payment of the costs and expenses of this proceeding.