*255
 
 1 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Michael L. Hyman, an attorney licensed to practice law in Louisiana.
 

 In June 2007, this court considered a disciplinary proceeding involving respondent’s failure to return three client files upon termination of the representations and failure to cooperate with the ODC in two investigations. For this misconduct, which occurred between June 1999 and December 2004, we suspended respondent from the practice of law for nine months, with all but ninety days deferred, followed by two years of supervised probation with conditions.
 
 In re: Hyman,
 
 07-0636 (La.6/1/07), 958 So.2d 646 (hereinafter referred to as
 
 “Hyman I”).
 
 Respondent has not sought reinstatement from this suspension. Accordingly, he remains suspended from the practice of law.
 

 FORMAL CHARGES
 

 Count I
 
 — The
 
 Weiss Matter
 

 In late 2001, Susette Weiss hired respondent to assist her in enforcing a judgment she received in a prior workers’ corn-pensation matter. In March 2002, ^respondent filed a disputed claim for compensation on Ms. Weiss’ behalf with the Louisiana Office of Workers’ Compensation.
 

 Between May 2002 and November 2004, the defendant made numerous attempts to compel respondent to respond to discovery requests. However, respondent continually failed to comply. Accordingly, in April 2006, the defendant filed a motion to dismiss for failure to respond to discovery requests. However, the defendant was unable to serve respondent with proper notice of the related hearing date because respondent relocated without notifying the defendant or the court.
 

 In July 2006, Ms. Weiss informed the court that she had not communicated with respondent for more than eighteen months. Respondent failed to respond to Ms. Weiss’ multiple attempts at communication via telephone, mail, and e-mail. Accordingly, Ms. Weiss wished to terminate respondent’s services. On July 28, 2006, the court approved her motion to substitute and enroll her new counsel, Gregory Hubachek.
 

 In July 2006, Mr. Hubachek was able to retrieve portions of Ms. Weiss’ file from respondent’s office. However, he was unable to retrieve the entire file.
 

 In August 2006, Ms. Weiss filed a disciplinary complaint against respondent. Respondent failed to submit a written response, necessitating the issuance of a subpoena to obtain his sworn statement.
 

 At his November 2, 2006 sworn statement, respondent indicated he had forwarded portions of Ms. Weiss’ file to her in late July or early August 2006 and had
 
 *256
 
 sent her the remaining file materials in October 2006. However, Ms. Weiss never received the file materials.
 

 During the sworn statement, respondent also agreed to provide the ODC with a written response to Ms. Weiss’ complaint, as well as additional documentation. | .¡Respondent further agreed to contact either Ms. Weiss or Mr. Hubachek to confirm that they had received the remainder of the file materials he purportedly sent. Respondent failed to comply with either of these requests.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.16(d) (obligations upon termination of the representation), 3.2 (failure to make reasonable efforts to expedite litigation), 8.1(a) (a lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).
 

 Count II
 
 — The
 
 Mitchell Matter
 

 In 2001, Jeanette Mitchell hired respondent to handle a medical malpractice claim. In June 2002, respondent filed a lawsuit on Ms. Mitchell’s behalf in Civil District Court for the Parish of Orleans. Thereafter, one of the defendants filed a dilatory exception of prematurity because a medical review panel had not been convened prior to the filing of the lawsuit. In December 2002, the trial court sustained the exception and dismissed the defendant from the lawsuit after respondent failed to appear at the related hearing.
 

 Respondent subsequently filed a petition to empanel a medical review panel with the Louisiana Patient’s Compensation Fund. The defendants experienced difficulty communicating with respondent during the discovery process and regarding the selection of an attorney chairman for the panel. Respondent also failed to appear |4at several scheduled hearings and failed to fully comply with court orders to submit discovery responses. As a result, Ms. Mitchell’s claims against one defendant were dismissed and she was ordered to pay $750 in sanctions to another defendant. The medical review panel finally convened on November 28, 2005 and rendered an expert opinion adverse to Ms. Mitchell’s claim on December 6, 2005.
 

 In February 2006, respondent filed a second lawsuit on Ms. Mitchell’s behalf in Civil District Court for the Parish of Orleans. Respondent requested service of the lawsuit be withheld. Thereafter, he neglected the matter. Ms. Mitchell has been unable to contact respondent since November 2005.
 

 In September 2007, Ms. Mitchell filed a disciplinary complaint against respondent. Respondent failed to submit a written response, necessitating the issuance of a subpoena to obtain his sworn statement.
 

 During his January 22, 2008 sworn statement, respondent asserted that he submitted a written response to the complaint in November 2007 and agreed to provide the ODC with a copy. Thereafter, respondent failed to provide a copy of his written response, despite the ODC’s numerous subsequent requests for him to do so. He has also failed to further communicate with the ODC since September 2008.
 

 The ODC alleged respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3, 1.4, 1.16(d), 3.2, 8.1(a), 8.1(b), 8.1(c), and 8.4(d).
 

 
 *257
 
 DISCIPLINARY PROCEEDINGS
 

 In January 2009, the ODC filed two counts of formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(8). No formal | shearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee determined the factual allegations in the formal charges are deemed admitted and proven by clear and convincing evidence. Based on the deemed admitted facts, the committee determined respondent violated the Rules of Professional Conduct as alleged in the Weiss matter. In the Mitchell matter, the committee determined respondent violated Rules 1.3, 1.4, 1.16(d), 3.2, 8.1(a), and 8.1(c). However, the committee determined respondent did not violate Rule 8.4(d) in the Mitchell matter, as he did bring his client’s malpractice complaint to a conclusion in the medical review panel and then timely file suit on her behalf in the district court. The committee did not address whether respondent violated Rule 8.1(b).
 

 The committee found respondent failed to diligently pursue his clients’ legal matters, unnecessarily delaying the matters. Respondent’s actions also caused actual harm to the legal system, and his failure to cooperate with the ODC required it to unnecessarily expend additional resources to resolve the investigations.
 

 Considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined the baseline sanction is suspension. However, the committee noted that some of the misconduct in the instant matter occurred during the same time period as respondent’s misconduct in
 
 Hyman I
 
 while some of it occurred after the misconduct in
 
 Hyman I.
 
 Under these circumstances, the committee declined to apply 1 «the approach established in
 
 Louisiana State Bar Ass’n v. Chatelain,
 
 573 So.2d 470 (La.1991), wherein the court held that “[w]hen a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.” Instead, the committee applied ABA Standard 8.1(b), which states that disbarment is appropriate when a lawyer has been suspended for the same or similar misconduct and intentionally and knowingly engages in further misconduct.
 

 Based on this reasoning, the committee recommended respondent be disbarred.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After reviewing this matter, the disciplinary board determined the hearing committee’s factual findings in this deemed admitted case are supported by the factual allegations asserted by the ODC and/or by the evidence submitted in support of the allegations. The board also determined that the committee correctly applied the Rules of Professional Conduct, except that the committee erred in failing to find violations of Rules 8.1(b) and 8.4(d) in the Mitchell matter. The board found respondent violated these rules by failing to provide a written response to the complaint, despite numerous request from the ODC,
 
 *258
 
 and by failing to comply with discovery requests, which delayed Ms. Mitchell’s legal matter for more than two years and prejudiced the defendants and Ms. Mitchell.
 

 The board further determined respondent knowingly, if not intentionally, violated duties owed to his clients, the legal system, and the legal profession. He |7caused significant harm to his clients by creating considerable and unnecessary delays in their legal matters. He also harmed the defendants and adjudicative bodies in his clients’ cases. Additionally, respondent caused significant harm to Ms. Weiss by failing to return her file upon termination of the representation. Finally, respondent caused the ODC to expend additional resources to resolve the investigations. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined the baseline sanction is suspension.
 

 The board found the following aggravating factors present: prior disciplinary offenses, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victims, and substantial experience in the practice of law (admitted 1989). The board determined no mitigating factors are present.
 

 In determining an appropriate sanction, the board, like the committee, declined to apply the
 
 Chatelain
 
 approach because the instant misconduct extends beyond the misconduct in
 
 Hyman I.
 
 Instead, the board determined a lengthy suspension is appropriate for the instant misconduct, based on
 
 In re: Powers,
 
 99-2069 (La.9/24/99), 744 So.2d 1275, wherein this court imposed a three-year suspension upon an attorney who neglected three legal matters, failed to communicate with three clients, failed to account for or refund unearned fees, and failed to cooperate with the ODC in its investigations. The attorney in
 
 Powers
 
 had recent prior discipline for similar misconduct.
 

 Under these circumstances, the board recommended respondent be suspended from the practice of law for three years.
 

 IsNeither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57.
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted.- Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 We find respondent neglected two legal matters by continually failing to respond to the opposing parties’ discovery requests, failed to communicate with two
 
 *259
 
 clients, failed to return one client’s file upon termination of the representation, and failed to cooperate with the ODC in its investigation. Based on these facts, respondent has violated the Rules of Professional Conduct as charged.
 

 IpHaving found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 Louisiana State Bar Ass’n v. Reis,
 
 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Whittington,
 
 459 So.2d 520 (La.1984).
 

 Respondent knowingly, if not intentionally, violated duties owed to his clients, the legal system, and the legal profession. He harmed his clients, the legal system, and the disciplinary system. The ABA Standards establish suspension as the baseline sanction in this matter.
 

 The record supports the aggravating factors found by the disciplinary board. We agree with the board that no mitigating factors are present.
 

 Turning to the issue of an appropriate sanction, we note that respondent’s misconduct in
 
 Hyman I
 
 occurred from 1999 through 2004, while the misconduct at issue here occurred from 2002 through 2008. Therefore, because the instant misconduct extends well beyond that at issue in
 
 Hy-man I,
 
 the hearing committee and the board properly declined to apply the
 
 Chatelain
 
 approach.
 
 See, e.g., In re: Thornton,
 
 07-0204 (La.6/15/07), 958 So.2d 656. We further agree with the board that respondent’s conduct here warrants a lengthy suspension, and that there is support in our jurisprudence for the recommendation of a three-year suspension from the practice of law.
 

 | Accordingly, we will accept the disciplinary board’s recommendation and suspend respondent from the practice of law for a period of three years.
 
 [1]
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Michael L. Hy-man, Louisiana Bar Roll number 19347, be and he hereby is suspended from the practice of law for a period of three years. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . As previously noted, though he was eligible in 2007 to seek reinstatement from his suspension in
 
 Hyman I,
 
 respondent did not do so, and thus he remains suspended from the practice of law. The three-year suspension we impose this date takes effect upon finality of our judgment.