# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #057

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **19th day of October, 2016**, are as follows:

**PER CURIAM:**

2016-B -0456      IN RE: EDWARD BISSAU MENDY

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, the brief filed by the ODC, and oral argument, it is ordered that the name of Edward Bissau Mendy, Louisiana Bar Roll number 22117, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. It is further ordered that respondent shall make restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

CLARK, J., dissents and assigns reasons.
CRICHTON, J., dissents in part and would impose permanent disbarment.

SUPREME COURT OF LOUISIANA

NO. 2016-B-0456

IN RE:  EDWARD BISSAU MENDY

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Edward Bissau Mendy, an attorney licensed to practice law in Louisiana, but currently suspended from practice.

**PRIOR DISCIPLINARY HISTORY**

Before we address the current charges, we find it helpful to review respondent's prior disciplinary history.  Respondent was admitted to the practice of law in Louisiana in 1993.  In 2001, we suspended respondent from the practice of law for six months, followed by six months of probation, for failing to competently represent clients, neglecting and failing to expedite legal matters, failing to communicate with clients, and failing to cooperate in the disciplinary proceedings. *In re: Mendy*, 01-1462 (La. 8/31/01), 793 So. 2d 1225 ("*Mendy I*").  In 2012, we suspended respondent from the practice of law for three years for neglecting legal matters, failing to communicate with clients, failing to account for or refund unearned fees, and failing to return client files.  *In re: Mendy*, 11-2275 (La. 2/17/12), 81 So. 3d 650 ("*Mendy II*").  Respondent has not yet sought reinstatement from his suspension in *Mendy II* and thus remains suspended from the practice of law.

Against this backdrop, we now turn to a consideration of the misconduct at issue in the instant proceeding.

## FORMAL CHARGES

*Count I*

On October 19, 2010, respondent issued a check in the amount of $108,333.33 from his client trust account at Chase Bank, account number 5892. The check, which was made payable to the Clerk of the United States District Court, was returned due to insufficient funds. An investigation into the matter revealed that respondent maintained at least two client trust accounts.

Respondent submitted Trust Account Disclosure forms in 2006 and 2008-2011. On his 2006 form, respondent stated that he did not maintain a trust account due to the nature of his practice. From 2008 through 2010, respondent reported that his law practice was domiciled in a state other than Louisiana and that he did not maintain a trust account in Louisiana branches or multi-state branches. In 2011, respondent registered a client trust account with Chase Bank, account number 0429. Bank statements for the account for the period of October 1, 2010 through December 31, 2010 reveal that respondent made several electronic withdrawals and cash withdrawals; however, there was no notation that the withdrawals were associated with a client matter.

The ODC forwarded a notice of the associated disciplinary complaint to respondent. He signed for the certified mail on February 15, 2011, but failed to respond, necessitating the issuance of a subpoena compelling him to appear on April 21, 2011. Despite being personally served with the subpoena, respondent failed to appear for the sworn statement as scheduled.

*Count II*

In November 2009, Gilbert Charles hired respondent to open and complete the succession of his son, paying respondent $3,300. This amount included a $500 check that was issued to respondent's firm, Mendy & Beekman, with the notation "home health" in the memorandum line. According to Mr. Charles, respondent had requested the payment, which would be applied towards a home health venture respondent was pursuing. Respondent indicated to Mr. Charles that he would credit the $500 towards his fee for handling the succession.

Thereafter, respondent prepared a petition for appointment of administrator and verification in the succession, but he never filed the petition or any other pleadings in the matter. The decedent's sister and the mother of the decedent's minor child filed petitions to open the succession. The cases were consolidated, but there is no record that respondent took any action on behalf of Mr. Charles.

Respondent received notice of the associated disciplinary complaint on August 17, 2011, but he failed to respond.

*Count III*

In 2009, Cornell Platt entered into a contract to purchase a vehicle from a used car dealership. The dealership agreed to accept Mr. Platt's current vehicle as a trade-in towards the purchase of another vehicle. Mr. Platt secured a loan for the $7,000 balance owed and executed the trade of the vehicles. One month later, the dealership repossessed the new vehicle and refused to return the trade-in vehicle.

In March 2010, Mr. Platt retained respondent to represent him in the matter, paying respondent $1,500. The attorney representing the finance company admitted to making a mistake in the matter and offered $5,000 to Mr. Platt, promising to correct any negative entries to Mr. Platt's credit. Respondent advised Mr. Platt to reject the offer and to proceed with filing suit. In July 2010,

respondent filed suit in the United States District Court for the Eastern District of Louisiana. Thereafter, respondent failed to appear for the call docket and failed to make proper service of process upon the defendants. In September 2011, the court ordered respondent to show cause why the case should not be dismissed. The case was subsequently dismissed with prejudice due to respondent's failures.

In March 2012, notice of the associated disciplinary complaint was forwarded to respondent via certified mail at both of his bar registration addresses. Both notices were returned marked "unclaimed."

## DISCIPLINARY PROCEEDINGS

In September 2014, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.1(c) (a lawyer is required to comply with all of the requirements of the Supreme Court's rules regarding annual registration, including proper disclosure of trust account information or any changes therein), 1.3 (failure to act with diligence and promptness in representing a client), 1.4(a) (failure to communicate with a client), 1.15(a) (safekeeping property of clients or third persons), 1.16(d) (obligations upon termination of the representation), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(a) (violation of the Rules of Professional Conduct).

Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing

committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.[1]

*Hearing Committee Report*

After considering the ODC's deemed admitted submission, the hearing committee determined the factual allegations in the formal charges were deemed admitted; thus, the committee accepted the factual allegations as proven. Based on those facts and the supporting evidence submitted by the ODC, the committee found respondent violated the Rules of Professional Conduct as charged.

The committee then determined that respondent violated a duty owed to his clients, the public, the legal system, and the legal profession. Respondent acted knowingly and intentionally, causing actual harm to his clients. Based on the ABA's *Standards for Imposing Lawyer Sanctions*, the committee determined the applicable baseline sanction is suspension.

In aggravation, the committee found a dishonest or selfish motive, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, vulnerability of the victims, and indifference to making restitution. The committee found no mitigating factors are present.

After further considering this court's prior jurisprudence addressing similar attorney misconduct, the committee recommended respondent be suspended from the practice of law for one year and one day.

---

[1] In an e-mail dated June 11, 2015, respondent advised the ODC, "since I have no desire or intention of returning to the practice of law at this time, I do not see the necessity of taking up ODC resources with the charges, I can respond to the charges if you need me to or can just choose not to seek a reinstatement of my license. Needless to say, should I ever decide to reinstate, you can always prosecute the charges."

5

In its pre-argument memorandum to the disciplinary board, the ODC argued that the baseline sanction is disbarment.

*Disciplinary Board Recommendation*

After review, the disciplinary board determined the hearing committee's factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. Based on these findings, the board determined respondent violated the Rules of Professional Conduct as alleged in the formal charges.

The board then determined respondent knowingly, if not intentionally, violated duties owed to his clients. His conduct caused substantial harm to Mr. Charles, who paid respondent $3,300 to complete his son's succession. Respondent failed to take any action whatsoever in the matter, including failing to file any pleadings with the court. He caused harm to Mr. Pratt, who paid $1,500 to respondent to handle a breach of contract claim which was ultimately dismissed with prejudice due to respondent's failure to appear at a hearing and failure to follow the court's orders. Relying on the ABA's *Standards for Imposing Lawyer Sanctions*, the board determined the baseline sanction is suspension.

The board agreed with the aggravating factors found by the committee and also recognized the presence of substantial experience in the practice of law (admitted 1993) and a prior disciplinary record as additional aggravating factors. The board also agreed that no mitigating factors apply.

Turning to the issue of an appropriate sanction, the board found guidance from the case of *In re: Hyman*, 09-2652 (La. 5/7/10), 34 So. 3d 254. In *Hyman*, an attorney neglected two legal matters, failed to communicate with two clients, failed to return a client's file upon termination of the representation, and failed to cooperate with the ODC in its investigations. The attorney had been suspended in

2007 for failing to return client files upon termination of the representations and failing to cooperate with the ODC in two investigations. Several aggravating factors were present and no mitigating factors applied. The court suspended the attorney from the practice of law for three years.

After considering respondent's prior disciplinary record and the court's prior jurisprudence addressing similar attorney misconduct, a majority of the board recommended respondent be suspended from the practice of law for three years, pay restitution to the complainants, and return all documents and files in his possession. One board member dissented and would recommend that respondent be disbarred.

The ODC filed an objection to the disciplinary board's recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b). Respondent did not appear for oral argument, nor did he file a brief in this court.[2] In its brief, the ODC argued that permanent disbarment is the appropriate sanction for respondent's misconduct.

## DISCUSSION

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has

---

[2] After the case was taken under advisement, respondent filed a motion captioned "Motion for New Trial and in the alternative to be Allowed to Surrender License with[out] the Necessity of Disciplinary Action," alleging he had not received notice of the formal charges and seeking a remand of this matter for a new hearing. The ODC filed a response in which it provided documentary support demonstrating respondent received proper notice of the charges. Considering the motion, we find no basis to remand the case, as the ODC has shown respondent received adequate notice of the formal charges. Alternatively, respondent's motion requests that he be allowed to voluntarily relinquish his law license. Upon receipt of the motion, the ODC provided respondent with an opportunity to resolve the matter through permanent resignation in lieu of discipline pursuant to Supreme Court Rule XIX, § 20.1 or by other consent motion. Respondent ultimately declined to pursue these options. Accordingly, respondent's motion is hereby denied in its entirety.

been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57.

In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. *In re: Donnan*, 01-3058 (La. 1/10/03), 838 So. 2d 715.

The evidence in the record of this deemed admitted matter supports a finding that respondent neglected legal matters, failed to refund unearned fees, and failed to cooperate with the ODC in its investigations. Based on these facts, respondent has violated the Rules of Professional Conduct as alleged in the formal charges.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

Respondent knowingly, if not intentionally, violated duties owed to his clients, the legal system, and the legal profession, causing actual harm. The

baseline sanction for this type of misconduct is suspension. The record supports the aggravating factors found by the disciplinary board. No mitigating factors are present.

While we agree that this case shares many similarities with *Hyman*, which is the primary case relied upon by the disciplinary board, we find respondent's misconduct much more troubling. Respondent accepted legal fees from his clients and then abandoned their legal matters without doing any work. He also failed to refund the unearned fees, which total more than $4,800. Because respondent has received two prior suspensions, both of which include misconduct that is similar in kind to the misconduct that is present in the instant case, we are hard pressed to see how respondent has made any serious effort to ensure his compliance with the Rules of Professional Conduct. Therefore, considering the totality of the circumstances in this matter, including the numerous aggravating factors that are present, we find that the board's recommendation of a three-year suspension is unduly lenient and that respondent must be disbarred.

**DECREE**

Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, the brief filed by the ODC, and oral argument, it is ordered that the name of Edward Bissau Mendy, Louisiana Bar Roll number 22117, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. It is further ordered that respondent shall make restitution to his victims. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

**SUPREME COURT OF LOUISIANA**

**No. 2016-B-0456**

**IN RE: EDWARD BISSAU MENDY**

**ATTORNEY DISCIPLINARY PROCEEDING**

**Clark, J., dissents and assigns reasons.**

I find permanent disbarment to be a more appropriate sanction for respondent's misconduct.

**SUPREME COURT OF LOUISIANA**

**No. 2016-B-0456**

**IN RE: EDWARD BISSAU MENDY**

**ATTORNEY DISCIPLINARY PROCEEDING**

**CRICHTON, J., dissents in part and assigns reasons.**

I would impose permanent disbarment under the particular circumstances of this case. Respondent failed to answer the ODC's recent charges, failed to file a response for the hearing committee's consideration, failed to file a brief in response to this Court's briefing notice, and failed to appear at this Court's oral argument.

Further, Respondent recently claimed, in a motion to this Court, that he did not receive notice of this matter. This unsupported claim is contradicted by the actual evidence in the record. The disciplinary board's records indicate that notice was sent to Respondent at three separate addresses, and all were returned as either unclaimed or not deliverable. After these attempts, the ODC sent Respondent an e-mail and ultimately made contact with him by telephone to advise him of the attempts to serve him with notice of the formal charges. Further, when the disciplinary board sent notice of the formal charges to Respondent by certified mail, the board received the signed return card from his address.

In my view, Respondent's evident lack of interest in defending these serious charges against him, coupled with his past sanctions, has no place in this noble profession. I therefore respectfully disagree with the majority's imposition of disbarment, and would instead permanently disbar Respondent.