# Supreme Court of Louisiana

The Opinions handed down on the **22nd day of September, 2017**, are as follows:

**PER CURIAM**:

2017-B-0524    IN RE: JANINNE LATRELL GILBERT
               Upon review of the findings and recommendations of the hearing
               committees and disciplinary board, and considering the record,
               the brief filed by the ODC, and oral argument, it is ordered that
               Janinne Latrell Gilbert, Louisiana Bar Roll number 30249, be and
               she hereby is permanently disbarred.  Her name shall be stricken
               from the roll of attorneys and her license to practice law in the
               State of Louisiana shall be revoked.  Pursuant to Supreme Court
               Rule XIX, § 24(A), it is further ordered that respondent be
               permanently prohibited from being readmitted to the practice of
               law in this state.  It is further ordered that respondent pay
               restitution of $2,000 plus legal interest to Denton Auzenne
               and/or to the Louisiana State Bar Association's Client Assistance
               Fund, as appropriate.  All costs and expenses in the matter are
               assessed against respondent in accordance with Supreme Court Rule
               XIX, § 10.1, with legal interest to commence thirty days from the
               date of finality of this court's judgment until paid.

               CRICHTON, J., additionally concurs and assigns reasons.

SUPREME COURT OF LOUISIANA

NO. 2017-B-0524

IN RE: JANINNE LATRELL GILBERT

ATTORNEY DISCIPLINARY PROCEEDING

PER CURIAM

This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Janinne Latrell Gilbert, a disbarred attorney.

**PRIOR DISCIPLINARY HISTORY**

Before we address the current matter, we find it helpful to review respondent's prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 2006. In 2016, we disbarred respondent for neglecting legal matters, failing to communicate with clients, failing to account for or refund unearned fees, failing to properly withdraw from a representation, engaging in dishonest conduct, and failing to cooperate with the ODC in its investigations. *In re: Gilbert*, 16-0044 (La. 3/4/16), 185 So. 3d 734 ("*Gilbert I*"). The misconduct at issue in *Gilbert I* occurred between 2010 and 2014.

Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.

**UNDERLYING FACTS AND PROCEDURAL HISTORY**

The ODC filed two sets of formal charges against respondent under disciplinary board docket numbers 15-DB-060 and 16-DB-044. Respondent was

served with both sets of formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committees written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration in either matter. The formal charges were considered by separate hearing committees, and then consolidated by order of the disciplinary board in October 2016. The board filed in this court a single recommendation of discipline encompassing both sets of formal charges.

<u>15-DB-060</u>

In February 2015, Denton Auzenne retained respondent to institute a filiation proceeding, for which he paid respondent a $2,000 deposit. Mr. Auzenne advised that time was of the essence, to which respondent indicated that a petition for filiation would be filed within one week of her receipt of DNA results. After the DNA test was completed on March 10, 2015, Mr. Auzenne attempted to contact respondent. He was initially not successful in reaching her, but respondent finally replied, at which time she indicated that the petition would be filed by March 16, 2015.

However, respondent did not file the petition and Mr. Auzenne immediately had to hire another attorney to do the work. Mr. Auzenne contacted respondent to terminate the representation and to request an accounting and a refund of any unearned fees. In reply, respondent told Mr. Auzenne that she had filed the petition but admitted that she failed to submit the necessary filing fee.

After hearing nothing more from respondent, Mr. Auzenne sent respondent a written request for an accounting, the filiation paperwork, and a refund of unearned fees. The certified mail was received on April 16, 2015, but respondent did not

respond and did not comply with these requests. Furthermore, there is no indication that the unearned and/or disputed fees were ever deposited into respondent's trust account. According to the clerk's office, there is no record of the petition being filed by respondent on Mr. Auzenne's behalf, either with or without the filing fee.

In July 2015, Mr. Auzenne filed a complaint against respondent with the ODC. The ODC sent notice of the complaint to three of respondent's known addresses via certified mail. Although the return receipt card indicates delivery on August 14, 2015, respondent failed to provide a response to the complaint.

The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4(a) (failure to communicate with a client), 1.5(a) (charging an unreasonable fee), 1.5(f)(3) (an advance deposit against future fees must be placed in the lawyer's trust account), 1.5(f)(5) (failure to refund an unearned fee), 1.16(d) (obligations upon termination of the representation), 8.1(b) (knowing failure to respond to a lawful demand for information from a disciplinary authority), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

*Hearing Committee Report*

After considering the ODC's deemed admitted submission in 15-DB-060, the hearing committee determined that the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence. The committee also determined respondent knowingly and intentionally violated the Rules of Professional Conduct as alleged in the formal charges. Based on the ABA's

3

*Standards for Imposing Lawyer Sanctions*, the committee determined the baseline sanction is disbarment.

Considering the deemed admitted facts of this case, the committee recommended respondent be permanently disbarred. The committee also recommended respondent be ordered to provide restitution in the amount of $2,000 to Mr. Auzenne and/or to the Louisiana State Bar Association's Client Assistance Fund. Finally, the committee recommended respondent be assessed with the costs and expenses of this proceeding.

Neither respondent nor the ODC filed an objection to the hearing committee's report and recommendation.

16-DB-044

On March 4, 2016, this court disbarred respondent in *Gilbert I* and mailed notice of the judgment to respondent at her primary, secondary, and preferred addresses. On March 28, 2016, respondent appeared before Gale J. LuQuette, a hearing officer for the 15th Judicial District Court, Parish of Vermilion, for the purpose of a conference in the matter of *Angeles v. Angeles*. Respondent appeared as counsel for the plaintiff and the matter proceeded to a hearing.

The ODC alleged that respondent's conduct violated the following provisions of the Rules of Professional Conduct: Rules 5.5(a) (engaging in the unauthorized practice of law), 8.4(a), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

*Hearing Committee Report*

After considering the ODC's deemed admitted submission in 16-DB-044, the committee determined respondent violated the Rules of Professional Conduct as alleged in the formal charges. Respondent knowingly appeared in court after

4

receiving notice of her disbarment. Notice had been mailed by the clerk of the Supreme Court to respondent's last known address, which is the same address to which formal charges in this matter were mailed and received by respondent. It is also the same address from which respondent mailed her response to the complaint. Although respondent indicated in her response that she "had no idea" she could not practice law when she appeared before the hearing officer, the committee rejected respondent's defense, stating that it was "not convinced that she had not been fully placed on notice of her ineligibility to practice."

Considering respondent's misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the committee recommended respondent be permanently disbarred. The committee also recommended respondent be assessed with all costs and expenses of this proceeding.

Neither respondent nor the ODC filed an objection to the hearing committee's report and recommendation.

*Disciplinary Board Recommendation*

15-DB-060 and 16-DB-044

After reviewing these consolidated matters, the disciplinary board determined the factual allegations of the formal charges are deemed admitted and proven by clear and convincing evidence. The board also determined that each committee correctly applied the Rules of Professional Conduct, with two exceptions regarding 15-DB-060. The board declined to find a violation of Rule 1.5(a), reasoning that there is no evidence or factual allegation that the fee charged by respondent and paid by Mr. Auzenne was unreasonable. The board also declined to find a violation of Rule 1.5(f)(3), reasoning that a lack of evidence to show that a fee was handled appropriately does not necessarily mean the fee was handled inappropriately.

5

The board determined respondent knowingly, if not intentionally, violated duties owed to her client, the legal system, and the legal profession. She caused actual harm to her client by failing to return unearned fees. She created the potential for serious harm to the underlying proceeding and to her client by engaging in the unauthorized practice of law. She caused the ODC to expend additional resources by failing to cooperate in the disciplinary investigation. Based on the ABA's *Standards for Imposing Lawyer Sanctions*, the board determined the applicable baseline sanction is disbarment.

In aggravation, the board found a prior disciplinary record, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, vulnerability of the victims, and indifference to making restitution. The board found no mitigating factors are present.

After further considering this court's prior jurisprudence addressing similar misconduct, the board recommended a five-year extension of the time period in which respondent can apply for readmission to the bar. The board also recommended respondent be ordered to provide an accounting and a refund, as necessary, to Mr. Auzenne. The board further recommended respondent be assessed with the costs and expenses of this proceeding. Two board members dissented and would recommend permanent disbarment.

The ODC filed an objection to the disciplinary board's recommended sanction as being unduly lenient. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b). Respondent did not appear for oral argument, nor did she file a brief in this court.

6

**DISCUSSION**

Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. *In re: Banks*, 09-1212 (La. 10/2/09), 18 So. 3d 57.

In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. *In re: Donnan*, 01-3058 (La. 1/10/03), 838 So. 2d 715.

The record in this deemed admitted matter supports a finding that respondent neglected a legal matter, failed to communicate with a client, failed to account for or refund an unearned fee, failed to properly withdraw from a representation, engaged in the unauthorized practice of law, engaged in dishonest conduct, and failed to cooperate with the ODC in its investigation. Based on these facts, respondent has violated Rules 1.3, 1.4(a), 1.5(f)(5), 1.16(d), 5.5(a), 8.1(b), 8.1(c), 8.4(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct.

Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession,

7

and deter future misconduct. *Louisiana State Bar Ass'n v. Reis*, 513 So. 2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. *Louisiana State Bar Ass'n v. Whittington*, 459 So. 2d 520 (La. 1984).

We find that respondent knowingly, if not intentionally, violated duties owed to her client, the legal system, and the legal profession, causing actual and potential harm. Based on the ABA's *Standards for Imposing Lawyer Sanctions*, the baseline sanction is disbarment. The aggravating factors found by the disciplinary board are supported by the record. There are no mitigating factors present.

In their reports, the hearing committees concluded that respondent's offenses are so egregious that she should be permanently prohibited from applying for readmission to the bar. The disciplinary board, on the other hand, felt that it was sufficient to simply extend for five years the period which must elapse before respondent may seek readmission.

We agree with the hearing committees that respondent's conduct warrants permanent disbarment. She failed to respect the authority of this court by practicing law after being prohibited from doing so. She appeared in court and held herself out as an attorney after she received notice of her disbarment. Such conduct falls under Guideline 8 of the permanent disbarment guidelines.

Guideline 9 of the permanent disbarment guidelines is also applicable. That guideline provides that permanent disbarment may be appropriate for instances of serious attorney misconduct which are preceded by suspension or disbarment for prior instances of serious attorney misconduct (defined as any misconduct which has resulted in a suspension of more than one year). Respondent's current misconduct, taken as a whole, is serious attorney misconduct and was preceded by her disbarment in *Gilbert I*.

8

Respondent's long history of misconduct clearly demonstrates that she lacks the fitness to engage in the practice of law in this state. In the face of this indisputable evidence of a fundamental lack of moral character and fitness, we can conceive of no circumstance under which we would ever grant readmission to respondent. Therefore, she must be permanently disbarred.

**DECREE**

Upon review of the findings and recommendations of the hearing committees and disciplinary board, and considering the record, the brief filed by the ODC, and oral argument, it is ordered that Janinne Latrell Gilbert, Louisiana Bar Roll number 30249, be and she hereby is permanently disbarred. Her name shall be stricken from the roll of attorneys and her license to practice law in the State of Louisiana shall be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. It is further ordered that respondent pay restitution of $2,000 plus legal interest to Denton Auzenne and/or to the Louisiana State Bar Association's Client Assistance Fund, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

**SUPREME COURT OF LOUISIANA**

**No. 2017-B-0524**

**IN RE: JANINNE LATRELL GILBERT**

**ATTORNEY DISCIPLINARY PROCEEDING**

**CRICHTON, J., additionally concurs and assigns reasons**:

I agree with this Court's decision to permanently disbar Respondent. This Court's per curiam exhaustively described the stunning facts underlying this case. I write separately because one aspect merits spotlighting—Respondent's utter failure to participate in the disciplinary matter, including Respondent's failure to cooperate with the disciplinary agency, file briefs, and appear before this Court for oral argument. As I have noted before, I believe such a lack of respect for the profession can support the sanction of permanent disbarment. *See, e.g.*, *In re Fahrenholtz*, 2017-0261, p. 2 (La. 4/7/17), 215 So.3d 204, 209–10 (Crichton, J., dissenting and would impose permanent disbarment) ("[R]espondent blatantly refused to cooperate with ODC in violation of Rule 8.4(a), both in this case and [a previous case] . . . . [I]t is difficult to imagine how respondent could have been any more uncooperative."); *In re Mendy*, 2016-0456, p. 11 (La. 10/19/16), 217 So.3d 260, 266 (Crichton, J., dissenting and would impose permanent disbarment) ("Respondent's evident lack of interest in defending these serious charges against him, coupled with his past sanctions, has no place in this noble profession.").