PER CURIAM
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Edward Bissau Mendy, a disbarred attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent's prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1993. In 2001, we suspended respondent from the practice of law for six months, followed by six months of probation, for failing to competently represent clients, neglecting and failing to expedite legal matters, failing to communicate with clients, and failing to cooperate in the disciplinary proceedings. In re: Mendy , 01-1462 (La. 8/31/01), 793 So.2d 1225 (" Mendy I ").
In 2012, we suspended respondent from the practice of law for three years for neglecting legal matters, failing to communicate with clients, failing to account for or refund unearned fees, and failing to return client files. In re: Mendy , 11-2275 (La. 2/17/12), 81 So.3d 650 (" Mendy II ").
In 2016, we disbarred respondent for neglecting legal matters, failing to refund unearned fees, and failing to cooperate in the disciplinary proceedings. In re Mendy , 16-0456 (La. 10/19/16), 217 So.3d 260 (" Mendy III ").
Against this backdrop, we now turn to a consideration of the misconduct at issue in the instant proceeding.
FORMAL CHARGES
In August 2009, Tyler Malejko retained respondent to prepare a patent application, to represent him as needed to perfect his patent, and to explore various beneficial strategies related to the patent. Under the terms of their written agreement, Mr. Malejko *540 agreed to pay respondent a $7,000 flat fee, regardless of the actual time expended on the case, for up to thirty-five hours of legal services. In addition to that amount, Mr. Malejko agreed to pay legal fees at the rate of $250 per hour, up to a maximum additional fee of $5,500. Mr. Malejko paid respondent $7,000 towards the $12,500 fee. Mr. Malejko produced a Chase Bank receipt reflecting the $7,000 deposit into respondent's checking account. By e-mail dated January 7, 2010, respondent acknowledged receiving the payment. However, there is no evidence that respondent took any action in the matter.
In February 2015, Mr. Malejko filed a complaint against respondent with the ODC. Respondent failed to respond to the complaint.
DISCIPLINARY PROCEEDINGS
In February 2016, the ODC filed formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(c) (a lawyer is required to comply with all of the requirements of the Supreme Court's rules regarding annual registration), 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client), 1.4(a) (failure to communicate with a client), 1.5(a) (charging an unreasonable fee), 1.5(f)(5) (failure to refund an unearned fee), 1.15(a) (safekeeping property of clients or third persons), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.
Hearing Committee Report
After considering the ODC's deemed admitted submission, the hearing committee determined that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. The committee also found no evidence that respondent cooperated with the ODC.[1]
Based on these facts, the committee determined that respondent violated Rules 1.1(c), 1.3, 1.4, 1.5(a), 1.15(a), 8.1(c), 8.4(a), and 8.4(c) of the Rules of Professional Conduct. Specifically, the committee found that respondent failed to properly notify the court of his address changes, in violation of Rule 1.1(c) ; failed to do anything for his client, in violation of Rule 1.3 ; failed to inform his client of the status of his legal matter, in violation of Rule 1.4 ; collected legal fees but failed to perform any work for his client, in violation of Rule 1.5(a) ; failed to hold client funds separate from his own, failed to deposit the funds into his trust account, and failed to return the *541 funds to his client, in violation of Rule 1.15(a) ; failed to cooperate with the ODC in its investigation, in violation of Rule 8.1(c) ; knowingly violated the Rules of Professional Conduct, in violation of Rule 8.4(a); and through his acceptance of fees, misrepresenting the services he was to perform, and engaging in conduct involving dishonesty and deceit, he knowingly violated Rule 8.4(c). The committee did not address the violation of Rule 1.5(f)(5) alleged in the formal charges.
The committee determined that respondent knowingly and intentionally violated duties owed to his client. His conduct caused actual harm inasmuch as he failed to perform any work for Mr. Malejko and did not return the deposit to Mr. Malejko. Based on the ABA's Standards for Imposing Lawyer Sanctions , the committee determined that the applicable baseline sanction is disbarment.
In aggravation, the committee found a prior disciplinary record, a dishonest or selfish motive, a pattern of misconduct "based on prior disciplines," bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law (admitted 1993). The committee found no mitigating factors present.
After further considering this court's prior jurisprudence addressing similar misconduct, the committee found permanent disbarment to be warranted. The committee then commented that since the time of his admission, respondent has collected fees from clients and taken no action in their cases. The committee added that he has been disciplined on multiple occasions for this type of misconduct. Considering the serious harm he has caused, his complete failure to make restitution, his failure to acknowledge wrongdoing, and his failure to cooperate with the ODC, the committee recommended respondent be permanently disbarred. The committee also recommended he be ordered to make $7,000 in restitution to Mr. Malejko.
Neither respondent nor the ODC filed an objection to the hearing committee's report.
Disciplinary Board Recommendation
After review, the disciplinary board determined that the hearing committee's factual findings in this deemed admitted matter are supported by the factual allegations in the formal charges and/or by the evidence submitted in support of those allegations. Based on these findings, the board determined respondent violated the Rules of Professional Conduct as alleged in the formal charges, including the violation of Rule 1.5(f)(5) which was not addressed in the committee's report.
The board determined respondent intentionally violated duties owed to his client and as a professional. Respondent received fees to perform work on a legal matter and then failed to perform the work as agreed. Mr. Malejko's numerous requests for a return of the unearned fees were to no avail.[2] Respondent also failed to keep his attorney registration information current. After multiple attempts to serve respondent, the ODC obtained proof that he received the formal charges at an address he provided. Nevertheless, although respondent *542 was served as required by Supreme Court Rule XIX, he refused to respond to the formal charge petition, which then proceeded as a deemed admitted matter. His failure to respond to the petition or otherwise participate in the disciplinary proceedings caused the unnecessary expenditure of the disciplinary agency's limited resources to investigate the complaint and bring formal charges.
In aggravation, the board found a prior disciplinary record, a dishonest or selfish motive, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law. The board found no mitigating factors present.
Turning to the issue of an appropriate sanction, the board determined that respondent's substantive misconduct occurred during the same time period as the misconduct subject of Mendy III . Accordingly, the board determined that the Chatelain approach is applicable to the substantive misconduct in this case.[3] The board further determined that, taken as a whole, there is no doubt that the baseline sanction for the collective misconduct is disbarment.
The board then considered whether respondent's conduct, taken as a whole, is so egregious that he should be permanently prohibited from reapplying for admission to the practice of law. The board found that consideration of the instant misconduct with respondent's nearly identical misconduct in Mendy III reveals a pattern of serious misconduct. In Mendy III , the court found that respondent accepted legal fees from clients, abandoned their legal matters without doing any work, and failed to refund more than $4,800. Here, he has failed to refund $7,000, which he plainly admitted in his e-mail messages to Mr. Malejko. In total, he has effectively converted to his own use $11,800 of his clients' funds. In addition, respondent was suspended on two prior occasions for similar misconduct. In Mendy II , respondent failed to make restitution to one client for over six years, even though the obligation in the amount of $10,500 had been reduced to judgment.
Considering respondent's consistent pattern of serious misconduct, now including his unethical handling of Mr. Malejko's legal matter and fees, his continuing failure to address the obligations he owes as a professional, and the additional harm sustained by Mr. Malejko and the disciplinary system, the board recommended respondent be permanently disbarred. The board also recommended he be ordered to make $7,000 in restitution to Mr. Malejko. The board further recommended respondent be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
*543 In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan , 01-3058 (La. 1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports the rule violations found by the disciplinary board. Essentially, respondent neglected his client's patent matter, failed to communicate with him, and failed to refund any portion of the unearned fee he was paid. He then failed to cooperate with the ODC in its investigation.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
Respondent intentionally violated duties owed to his client, the legal system, and the legal profession, causing actual harm. Several significant aggravating factors are present in the instant case, most notably respondent's prior disciplinary matters which involved misconduct identical to that at issue in this proceeding. In addition to the aggravating factors found by the disciplinary board, the record supports the aggravating factor of indifference to making restitution. No mitigating factors are present.
Turning to the issue of an appropriate sanction, we agree with the disciplinary board's finding that the misconduct in both Mendy III and the current matter occurred during the same time frame and involved the same type of misconduct. The substantive misconduct forming the basis of Mendy III commenced in November 2009, when respondent accepted a fee from a client and then neglected the client's legal matter. In March 2010, he accepted fees from another client and neglected that client matter resulting in the dismissal with prejudice of the case. Respondent failed to refund the unearned fees to both clients. In October 2010, he issued an NSF check on his client trust account in the amount of $108,333.33 to the Clerk of the United States District Court. Respondent was disbarred in Mendy III on October 19, 2016. Here, the substantive misconduct commenced when respondent was retained to represent Mr. Malejko on August 31, 2009, and continued through February 2015, when Mr. Malejko submitted his complaint asserting that respondent had performed no work and refused to refund any fees. Accordingly, the discipline to be imposed should be determined as if both proceedings are being considered simultaneously, *544 pursuant to the approach established in Chatelain , supra.
Had Mr. Malejko's complaint been added to the proceedings in Mendy III , we would have permanently disbarred respondent. Respondent did no work for Mr. Malejko and essentially converted the legal fee he was paid in that matter. Taken together with the misconduct in Mendy III , it is obvious that respondent does not possess the moral fitness to practice law in this state. Rather, his consistent pattern of misconduct and failure to attend to his professional obligations indicates that he should not be allowed the opportunity to return to the practice of law in the future.
Based on this reasoning, we find permanent disbarment is the appropriate sanction in this case. Accordingly, we will accept the disciplinary board's recommendation and permanently disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Edward Bissau Mendy, Louisiana Bar Roll number 22117, be and he hereby is permanently disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. It is further ordered that respondent pay restitution of $7,000 plus legal interest to Tyler Malejko and/or to the Louisiana State Bar Association's Client Assistance Fund, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.

The committee noted that in March 2016, the formal charges were mailed via certified mail to respondent's primary registration address and four other known addresses. The mailing to the primary registration address was returned marked "unclaimed." At the ODC's request, the formal charges were then sent by certified mail to an address provided by respondent to the board's staff. This mailing was received on July 12, 2016; nevertheless, respondent failed to file an answer to the charges. As a result, the ODC filed a motion to deem the factual allegations admitted pursuant to Supreme Court Rule XIX, § 11(E)(3).

In a 2010 e-mail, respondent asked the client to allow him to perform the work or he would "have to eat the loss personally (which I cannot afford at this time as I am currently over-extended)." In a 2011 e-mail, respondent again refused to refund the unearned fees and urged his client to let him perform the work so he would "not have to get into my pockets for money I spent long ago."

In Louisiana State Bar Ass'n v. Chatelain , 573 So.2d 470 (La. 1991), the court observed that when a second attorney disciplinary proceeding involves conduct that occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously.