ATTORNEY DISCIPLINARY PROCEEDINGS
liPER CURIAM. *
This attorney disciplinary proceeding arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Andree Basile, an attorney licensed to practice law in the State of Louisiana. The charges allege violations of Rule 8.4(a) (violating the Rules of Professional Conduct); 8.4(b) (engaging in criminal conduct adversely reflecting on his fitness to practice); and 8.4(c) (conduct involving fraud, deceit, dishonesty, or misrepresentation) of the Rules of Professional Conduct.
UNDERLYING FACTS
The hearing committee made the following findings of fact:
In November, 1995, the respondent attempted to purchase merchandise with a stolen check and was apprehended and placed in the Lafourche Parish jail. She pleaded guilty to a charge of attempted misdemeanor theft and was sentenced to serve ninety (90) days in the Lafourche Parish Jail. It was also discovered that the respondent had charges of prostitution and felony theft pending against her in Terre-bonne Parish. The respondent had failed to appear for an arraignment on November 20, 1996 and a bench warrant was issued for her arrest. To add insult to injury, this respondent was also later arrested for the purchasing of goods through the fraudulent use of her father’s charge accounts and/or credit cards. She was rearrested on the outstanding bench warrant, as well as on multiple felony theft charges stemming from her purchase of goods through the fraudulent use of her father’s credit card.
After the ODC commenced an investigation into these allegations, respondent sent a letter to the disciplinary board dated May 14, 1997, in which she admitted to the allegations of misconduct, stating she was “an alcoholic and drug addict and was in a full blown relapse.” In addition to paying restitution, [¿respondent asserted she requested the criminal court to remand her to a long-term drug treatment facility.[1]
DISCIPLINARY PROCEEDINGS
On June 30, 1997, the ODC filed formal charges against respondent, alleging she engaged in serious criminal conduct that adversely reflected on her fitness to practice law. Respondent failed to file an answer, and the matter was submitted to the hearing committee on the written record.
On November 14, 1997, the hearing committee filed its report with the disciplinary *688 board. The committee recognized that respondent admitted to the misconduct charged. Relying on the ABA Standards for Imposing Lawyer Conduct,[2] it noted the baseline sanction for engaging in serious criminal conduct was disbarment. As aggravating factors, the committee recognized: (1) prior discipline;[3] (2) dishonest or selfish motive; (3) pattern of misconduct; (4) multiple offenses; and (5) vulnerability of the victim, which included her own father. As to mitigating factors, the committee recognized the respondent’s personal and emotional problems stemming from her substance abuse and her cooperation with the ODC. After weighing all the factors, the committee concluded the appropriate sanction was disbarment, reasoning “it certainly would be impossible for the respondent to adequately represent any Rclient considering the emotional and addictive problems she now suffers.” It further recommended assessment of costs.
On April 3, 1998, the disciplinary board filed its recommendation with this court. Like the hearing committee, the board concluded respondent violated duties owed to the legal system, the profession and the public, and that her conduct was knowing and intentional. It concurred in the findings and recommendation of the hearing committee that disbarment is the appropriate sanction under the circumstances.
Neither party filed an objection to the disciplinary board’s recommendation;
CONCLUSION
The undisputed facts in the record convincingly support the conclusion that respondent lacks the moral fitness to engage in the practice of law. Accordingly, we find the sanction of disbarment is warranted.
DECREE
Upon review of the hearing committee and disciplinary board findings and recommendations, and considering the record filed herein, it is the decision of this court that the recommendation of the disciplinary board be accepted.
Accordingly, it is ordered that the name of Andree G. Basile be stricken from the rolls of attorneys, and that her license to practice law in the State of Louisiana be revoked. Respondent is assessed with all costs of these proceedings.

 Victory, J. not on panel. Rule IV, Part 2, § 3.

. The record is absent information as to the ultimate disposition of the solicitation and felony theft charges and whether respondent received the substance abuse treatment she requested.

. Standard 5.11 of the ABA Standards for Imposing Lawyer Sanctions provides disbarment is generally appropriate when:
(a) A lawyer engages in conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation or theft ...; or
(b) A lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit or misrepresentation that seriously reflects on the lawyer's fitness to practice.

. Although respondent has not been previously disciplined, respondent was rendered ineligible to practice law from July 31, 1991 through June 3, 1996, August 19, 1992 through June 20, 1996 and January 1, 1994 to June 3, 1996, due to her failure to meet the mandatory continuing legal education requirements and failure to pay her bar dues. She again became ineligible to practice on September 2, 1997.