*534 ATTORNEY DISCIPLINARY PROCEEDINGS
|1PER CURIAM. *
This attorney disciplinary proceeding arises from two sets of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Russell Alan Chaney, an attorney licensed to practice law in the State of Louisiana.[1] The charges allege respondent failed to adequately represent his clients, failed to keep his clients reasonably informed, failed to return unearned fees and provide an accounting when requested, and failed to keep his clients’ funds separate, converting those funds to his own use. In addition, the charges allege respondent entered a plea of guilty to possession of cocaine and was sentenced to three years imprisonment.
UNDERLYING FACTS
For purposes of clarity, the underlying facts will be addressed under the docket numbers assigned in the disciplinary board.
96-DB-071
Respondent accepted the representation of Kenneth D. Morgan in connection with a criminal matter in May of 1995. Mr. Morgan paid respondent a total of $2,100.00 to file an appeal on his behalf. However, respondent never filed the appeal and did not communicate with his client. Accordingly, the delays for Mr. Morgan’s appeal have run.[2]
98-DB-040

|;,Count I

Delores Johnson retained respondent to represent her brother, who was incarcerated and facing criminal charges. She paid respondent $500 to help secure his release on bond. Despite their repeated efforts to communicate with respondent, neither the defendant nor Ms. Johnson were able to communicate with respondent after payment of the fee, and he never performed any work on defendant’s behalf. Respondent failed to return the unearned fee.

Count II

Cary Lee Bouligny retained respondent to represent her in a personal injury claim. After she became dissatisfied with respondent’s efforts, Ms. Bouligny discharged respondent, but he failed and refused to return the file, and thus failed to protect the interests of his former client.

Count III

David Barker and family retained respondent to represent them in connection *535 with a serious personal injury claim. After settling a portion of their claim for $460,000.00, respondent withheld, in addition to his regular fees and costs, the sum of $90,000.00 “in trust.” Despite the Barkers’ repeated requests, respondent failed and refused to provide an accounting or a disbursement sheet, or to return the money being held in trust.

Count TV

Roger Sproles and his daughter retained respondent to represent them in connection with a personal injury claim. Respondent negotiated a settlement of Mr. Sproles’ claim for $9,000 and of his daughter’s claim for $20,000, but respondent refused to disburse this money to them. Respondent converted the settlement funds to his own use. To date, he has paid only $1,950.00 in restitution.

Count V

Respondent entered a plea of guilty to possession of cocaine in East Baton Rouge Parish, and on September 6, 1995 he was sentenced to three years at hard labor with credit for time ^served.[3] As noted, this court placed respondent on interim suspension from the practice of law as a result of this conviction on January 31, 1997.

Count VI

On March 7, 1997, while suspended from the practice of law, the respondent appeared before Judge Timothy Kelley of the 19th Judicial District Court, claiming he represented a criminal defendant, Kelly Ann McGrew. Judge Kelley detected respondent was impaired by substance abuse and ordered drug testing. The results revealed that traces of cocaine were present in respondent’s system, indicative of recent drug use.
DISCIPLINARY PROCEEDINGS
The ODC initially filed formal charges against respondent in 96-DB-071 on September 26, 1996, alleging the conduct involving Mr. Morgan violated Rules 1.3,1.4, 8.4(c), 8.4(d), and 8.4(a) of the Rules of Professional Conduct.[4] Respondent did not timely answer these charges, but eventually did submit a response, and the ODC requested that respondent’s answer be entered into the record for consideration. Subsequently, the ODC filed additional charges against respondent in 98-DB-040, alleging respondent’s conduct violated Rules 1.1, 1.3, 1.4, 1.5(f)(6), 1.15, 1.16, 8.4(b), 5.5(a), and 8.4(a) of the Rules of Professional Conduct.[5] The ODC moved *536 to consolidate these charges with those in 96-DB-071. The hearing committee chair approved a | ¿consolidation of 96-DB-071 with 98-DB-040 on August 13, 1998, and the matter was set for hearing on September 29,1998.

Hearing Committee Recommendation

Despite requesting and being granted a continuance, respondent did not attend the formal hearing. The ODC called several witnesses to substantiate the formal charges against the respondent. Based on the evidence submitted, the committee found the ODC proved by clear and convincing evidence all of the counts charged in 96-DB-071 and 98-DB-040.
The committee noted that although the respondent eventually submitted a written denial of the allegations and formal charges against him, the denials “pale in comparison to the overwhelming evidence against him.” The committee concluded respondent had violated Rules 1.1, 1.3, 1.4, 1.5(f)(6), 1.15, 1.16, 5.5(a), and 8.4(a)(b)(c) and (d) of the Rules of Professional Conduct. Based on these findings, the hearing committee recommended that respondent be disbarred.

Disciplinary Board Report

The disciplinary board concurred in the hearing committee’s findings that the formal charges were proved by clear and convincing evidence.[6] As aggravating circumstances, the disciplinary board found the following: dishonest or selfish motive; pattern of misconduct; multiple offenses; refusal to acknowledge wrongdoing; vulnerability of the victims; indifference to making restitution; and substantial legal experience in the practice of law. The board also found the following mitigating factors: absence of a prior disciplinary record, and physical or mental disability or impairment.
Citing this court’s opinion in In re Basile, 98-0900 (La.5/29/98); 714 So.2d 687, the board recommended that respondent be disbarred, effective from the date of his interim suspension, January 31, 1997, and that he be assessed with the costs and expenses of these | sproceedings, with legal interest to commence running thirty days from the date of finality of this court’s judgment until paid.
DISCUSSION
The record supports the findings of the hearing committee and disciplinary board. The numerous counts of misconduct again'st respondent reflect he has a total disregard for his professional obligations. His conversion of client funds and neglect of client matters demonstrates he is a danger to the public. Under these circumstances, we conclude disbarment is the appropriate sanction.
DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and after consideration of the record filed herein, it is the decision of the court that the name of Russell Alan Chaney be stricken from the roll of attorneys, and that his license to practice law in the State of Louisiana be revoked. Respondent is assessed with all costs and expenses of these proceedings in accordance with Supreme Court Rule XIX, § 10.1.

 Johnson, J. not on panel. Rule IV, Part II, § 3.

. On January 31, 1997, this court placed respondent on interim suspension, based on his conviction for possession of cocaine. In re Chaney, 96-0298 (La. 1/31/97), 687 So.2d 393.

. Mr. Morgan was apparently granted an out-of-time appeal; however, he lacks the funds to hire new counsel.

. The record reveals respondent committed the offense on June 20, 1990, and a Bill of Information was issued on July 31, 1990, alleging the possession of cocaine in violation of La.R.S. 40:967 C. Respondent entered a plea of guilty on November 4, 1991. For reasons not explained in the record, respondent was not sentenced until March of 1995. However, that sentence was vacated and respondent was resenlenced on September 6, 1995.

. Rule 1.3 (failure to act with reasonable diligence and promptness in representing a client); Rule 1.4 (failing to keep a client reasonably informed about the status of a matter and failing to properly comply with reasonable requests for information); Rule 8 .4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); 8.4(d) (engaging in conduct which is prejudicial to the administration of justice); and Rule 8.4(a) (violating the Rules of Professional Conduct).

.Rule 1.1 (failure to provide competent representation); Rule 1.3 (failure to use reasonable diligence and promptness in the representation of a client); Rule 1.4 (failure to keep a client reasonably informed); Rule 1.5(f)(6) (failure to return an unearned fee); Rule 1.16 (failure to return a client's file upon termination of employment); Rule 1.15 (failure to keep the funds of a client separate from those of an attorney and conversion of funds to one’s own use, as well as a failure to provide an accounting); Rule 8.4(b) (the commission of a criminal act, especially one that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); Rule 5.5(a) (engaging in the unauthorized practice of law); and Rule 8.4(a) (violating or attempting to violate the Rules of Professional Conduct).

. Prior to oral argument, the disciplinary board panel reviewed a letter from respondent in which he had requested additional time “to prepare ... final pleadings and ... theories of defense .” The panel determined it was appropriate to proceed with oral arguments without respondent's appearance, as respondent had actual notice of the charges pending against him, as evidenced by his responses filed in the record. It noted that respondent likely did not appear at the hearing before the hearing committee due to his incarceration in the Ascension Parish Prison on charges of bank fraud. However, the board concluded respondent had actual notice of the charges against him, as evidenced by his responses filed in the record.