ATTORNEY DISCIPLINARY PROCEEDING
PER CURIAM
liThis disciplinary matter arises from formal charges filed by the Office of Disci *205 plinary Counsel (“ODC”) against respondent, James Louis Fahrenholtz, an attorney licensed to practice law in Louisiana,[1] but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1996.
In 2009, we considered a disciplinary proceeding involving two sets of formal charges against respondent. In the first matter, respondent had been declared ineligible to practice law in 2005 for failure to pay his bar dues and the disciplinary assessment and separately for failure to comply with the mandatory continuing legal education requirements. In the second matter, he failed to cooperate with the ODC in two disciplinary investigations. Respondent failed to file an answer to the formal charges, and as a result, the factual allegations thereof were deemed admitted and proven by clear and convincing evidence. After reviewing the record, we concluded that respondent’s misconduct was “particularly | ^troublesome,” principally his failure to cooperate, which was noted to be “more egregious than the typical failure to cooperate case.” Accordingly, we suspended respondent .from the practice of law for one year and one day, necessitating a formal application for reinstatement. In re: Fahrenholtz, 09-0748 (La. 10/2/09), 18 So.3d 751 (“Fahrenholtz I”).
Respondent has not yet sought reinstatement from his suspension in Fahren-holtz I. As such, he remains suspended from the practice of law. Against this backdrop, we now turn to a consideration of the misconduct at issue in the instant proceeding.
FORMAL CHARGES
In April 2015, a lobbyist working at the Louisiana State Capitol in Baton Rouge reported that his briefcase and Apple iPad, keyboard, and case were stolen from the Capitol building. The Louisiana State Police initiated an investigation into the matter and traced an electronic signal from the iPad to respondent’s home in New Orleans. Upon being questioned by law enforcement officers, respondent initially denied any knowledge of the theft; however, officers saw the stolen briefcase in plain view in respondent’s kitchen. Officers then obtained a search warrant and discovered the iPad, keyboard, and case in a pond at the rear of respondent’s property, where he had thrown them in an effort to hide and destroy evidence. Respondent was arrested and charged in Orleans Parish with illegal possession of stolen things and obstruction of justice. He was also charged in East Baton Rouge Parish with felony theft. In July 2015, respondent resolved the criminal charges by entering into a pretrial diversion program which permitted him to plead guilty to a misdemeanor charge of illegal possession of stolen things. He was also required to pay restitution in the amount of $800 to the victim.
| sIn May 2015, the ODC opened a disciplinary investigation in this matter. Notice of the investigation was sent to respondent by certified mail at his bar registration address pursuant to the requirements of Supreme Court Rule XIX, but respondent did not claim the certified mail. An ODC investigator then delivered a copy of the notice of the investigation to respondent in *206 person. Despite receipt of this notice, respondent failed to cooperate with the ODC in its investigation.
DISCIPLINARY PROCEEDINGS
In November 2015, the ODC filed formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
The board administrator forwarded respondent notice of the filing of the formal charges at his bar registration address via certified mail. Once again, however, respondent did not claim the certified mail, and an ODC investigator attempted to make personal service of the formal charges on respondent at his home. Nevertheless, respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
| ¿Hearing Committee Report
After considering the ODC’s deemed admitted submission, the hearing committee found that respondent violated the Rules of Professional Conduct as charged. He violated duties owed to the public and the legal system by committing theft and obstructing justice. By his repeated failures to respond, participate, or cooperate in any phase of the disciplinary investigation or this proceeding, he has violated duties owed to the profession and the legal system. His conduct was clearly intentional. Respondent caused substantial harm to the victim of his theft, including the destruction of property, as well as harm to the profession and the legal system. The applicable baseline sanction is disbarment.
The committee found the following aggravating factors are present: a prior disciplinary record, a dishonest or selfish motive, multiple offenses, bad faith obstruction of the disciplinary proceeding, and substantial experience in the practice of law (admitted 1996). The committee found no mitigating factors.
Based on these findings, the committee recommended that respondent be disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

Noting the factual allegations contained in the formal charges were deemed admitted, the disciplinary board determined that the hearing committee’s factual findings are supported by the deemed admitted factual allegations and/or the evidence submitted in support of those allegations. Based on those facts, the board determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
If/The board then determined that respondent knowingly, if not intentionally, violated duties owed to the public and the legal profession by engaging in criminal conduct. The commission of criminal acts by an attorney causes harm by burdening the criminal justice system and undermining the public’s confidence in the integrity of members of the bar. Further, respon *207 dent’s failure to cooperate with the ODC violated a duty to the profession, causing unnecessary delay and expenditure of the limited resources of the disciplinary system. Relying on the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the applicable baseline sanction is disbarment. The board agreed with the aggravating factors found by the committee and determined that no mitigating factors apply.
Turning to the issue of an appropriate sanction, the board observed that this court has disbarred lawyers who commit criminal conduct, including theft. See, e.g., In re: Jones, 04-0437 (La. 6/25/04), 878 So.2d 506 (lawyer disbarred for various intentional misconduct, including his guilty plea to misdemeanor theft stemming from his endorsement of a $1,518 check payable to his client’s sister), and In re: Basile, 98-0900 (La. 5/29/98), 714 So.2d 687 (disbarment imposed upon a lawyer who attempted to purchase merchandise with a stolen check and subsequently pleaded guilty to attempted misdemeanor theft; charges of prostitution and felony, theft were pending against the lawyer in another jurisdiction, and she was later arrested for purchasing merchandise through the fraudulent use of her father’s.credit card).[2] The board also acknowledged that respondent’s conduct arguably may fall within the scope of the permanent disbarment guidelines; however, a majority of the board concluded that permanent disbarment is not warranted in this case and that ordinary disbarment is ^appropriate. One board member dissented and would recommend permanent disbarment.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.[3]
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Doman, 01-3058 (La, 1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent was convicted of the crime of illegal possession of stolen things, and subsequently failed to cooperate with the ODC in its investigation. Based on these facts, *208 respondent has violated the Rules of Professional Conduct as charged by the ODC.
17Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984).
By its very nature, respondent’s criminal conduct was intentional.[4] He violated duties owed to the public and the legal profession, causing actual harm. Considering the ABA’s Standards for Imposing Lawyer Sanctions, the baseline sanction in this matter is disbarment.
The record supports the following aggravating factors: a prior disciplinary record, a dishonest or selfish motive, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law, and illegal conduct. The only mitigating factor present is the imposition of other penalties or sanctions in connection with the criminal proceeding.
Turning to the issue of an appropriate sanction, one member of the disciplinary board has recommended that respondent be permanently disbarred. Both the hearing committee and a majority of the disciplinary board have recommended that respondent be disbarred. The ODC does not object to this | ¡¿recommendation, and in fact, suggested in its deemed admitted submission that disbarment is the appropriate sanction in this matter.
We agree. We have not hesitated to disbar lawyers who have engaged in serious crimes, including theft. In the instant case, respondent was convicted of illegal possession of stolen things, a misdemeanor offense which contains elements of willing and knowing deceit. This conduct warrants disbarment. Accordingly, we will accept the disciplinary board’s recommendation and disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that James Louis Fahrenholtz, Louisiana Bar Roll number 24088, be and he hereby is disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
CLARK, J., concurs in part, dissents in part and assigns reasons.
CRICHTON, J., dissents and assigns reasons.

. Respondent served on the Orleans Parish School Board for eight years and later worked as a lobbyist.

. It is noteworthy that Basile was decided by the court prior to the adoption of the sanction of permanent disbarment in- 2001. Thus, at the time of Basile, ordinary disbarment was the most serious sanction the court could impose.

. This court mailed notice to respondent of the filing of the board's recommendation, but the correspondence was returned to us marked "refused by addressee.”

. La. R.S. 14:69 defines the criminal offense as follows:
Illegal possession of stolen things is the intentional possessing, procuring, receiving, or concealing of anything of value which has been the subject of any robbery or theft, under circumstances which indicate that the offender knew or had good reason to believe that the thing was the subject of one of these offenses.