WEIMER, J., concurring.
 

 I agree that the respondent has not engaged in misconduct. I write separately from the majority to emphasize that such conclusion is supported by the plain language of Rule 3.8(d) of the Louisiana Rules of Professional Conduct.
 

 As a preliminary, factual matter, the disciplinary board did not manifestly err in finding that the respondent lacked knowledge of Kristyn Hoffpauir's varying accounts of her husband's homicide. Therefore, the only issue remaining is whether respondent committed misconduct by failing to disclose statements concerning Kristyn's possession of a gun.
 

 In resolving this issue, the starting point is the language of Rule 3.8, which provides:
 

 The prosecutor in a criminal case shall:
 

 ....
 

 (d) make timely disclosure to the defense of all evidence or information known to the prosecutor that the prosecutor knows, or reasonably should know, either tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor ....
 

 Under the plain language of the rule, a prosecutor is obligated to disclose what the prosecutor "knows" to be exculpatory information. The formal charges in this matter do not contain an allegation that the respondent knew that a third-hand narrative
 
 [1]
 
 relating to Kristyn's sister discovering
 a .22 cal. revolver could be exculpatory. Indeed, from forensics, the respondent knew that Kristyn's husband was killed with a different caliber weapon.
 

 Apart from a prosecutor "knowing" information is exculpatory, Rule 3.8(d) provides a second path for disclosure-that is for situations in which a prosecutor "should know" that information is exculpatory. However, pursuant to an amendment to Rule 3.8(d), the touchstone for when a prosecutor is tasked with predicting any given piece of information could be exculpatory is reasonableness.
 
 [2]
 

 It is perhaps no coincidence that Rule 3.8(d) uses the term "reasonabl[e]," because the Supreme Court has restricted what has become known as the
 
 Brady
 
 rule by employing the same term: "evidence is material only if there is a
 
 reasonable
 
 probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."
 
 United States v. Bagley
 
 ,
 
 473 U.S. 667
 
 , 682,
 
 105 S.Ct. 3375
 
 ,
 
 87 L.Ed.2d 481
 
 (1985) (emphasis added).
 
 [3]
 

 The majority of this court declares that Rule 3.8(d) is "coextensive" with the Brady rule.
 
 In re: Ronald Seastrunk
 
 , 2017-0178, op. at 518-19 (La. 10/ 18/17). The majority's comparison of Rule 3.8(d) to the
 
 Brady
 
 rule is useful, but only to a point. By its very nature, the
 
 Brady
 
 rule is applied with the benefit of hindsight,
 
 i.e.
 
 , after the trial.
 
 See
 

 Bagley
 
 ,
 
 473 U.S. at 682
 
 ,
 
 105 S.Ct. 3375
 
 (indicating that the materiality of exculpatory evidence is evaluated in reference to whether "the result of the proceeding would have been different.").
 

 I fully agree with the majority that a prosecutor's responsibility in evaluating what to disclose is weighty, and the majority aptly indicates that a prosecutor has a "solemn duty" to meet "a high ethical standard."
 
 In re: Ronald
 

 Seastrunk
 
 , op. at 517. However, Rule 3.8(d) is not structured such that a prosecutor must have omniscient or clairvoyant powers to meet those demands.
 

 Instead of requiring a prosecutor to unerringly predict the future of a trial, complete with all strategies that might be employed by the defense, Rule 3.8(d) requires a case-by-case examination of the prosecutor's conduct, primarily in the context of when it occurred. Here, a narrative to the effect that Kristyn at one time kept a .22 cal. gun was not information that the prosecutor "reasonably should know, either tends to negate the guilt of the accused or mitigates the offense." Rule 3.8(d). As noted earlier, the respondent knew Kristyn's husband was killed by a weapon of a different caliber. Should the respondent have, therefore, known that the gun possession
 narrative could be exculpatory? The mere fact Kristyn may have kept a gun in her closet, years before the murder, does not establish that she ever fired the gun or knew how to fire the larger caliber weapon used to kill her husband. In fact, the detective who learned of the gun possession narrative also learned from Kristyn's mother that her mother took the gun from Kristyn's closet and that Kristyn did not even know how to uncock the gun. These facts do not undermine Kristyn's trial testimony that she was not familiar with guns.
 

 In sum, too many leaping inferences would be required to transform the narrative of Kristyn keeping an unrelated gun in her closet several years before the murder, into evidence that "tends to negate the guilt of the accused or mitigates the offense." Rule 3.8(d). The prosecution actually used the gun possession narrative in the third trial, which resulted in a conviction, underscoring that the narrative was not exculpatory. Although I do not want to detract from the focus of Rule 3.8(d) being on what the prosecutor reasonably should know at the time, this court does have the unique benefit of evaluating respondent's conduct in the hindsight context of three trials, and observing that it was only the third trial, in which the gun possession narrative was adduced, that resulted in a conviction. Thus, I find from both the vantage of the circumstances before the third trial and with the benefit of hindsight (which is essentially the inquiry presented by the majority), that there was no reason the respondent "reasonably should know" that the gun narrative was exculpatory for purposes of Rule 3.8(d).
 

 To reiterate, a prosecutor's responsibility to identify information that must be disclosed to the defense is a weighty responsibility. Fundamental fairness and due process within the criminal justice system depend on prosecutors meeting this responsibility.
 
 See
 

 Brady
 
 ,
 
 373 U.S. at 87
 
 ,
 
 83 S.Ct. 1194
 
 ("We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). In a criminal case, to meet the demands of our state and federal constitutions, "[t]his means, naturally, that a prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence."
 
 Kyles v. Whitley
 
 ,
 
 514 U.S. 419
 
 , 439,
 
 115 S.Ct. 1555
 
 ,
 
 131 L.Ed.2d 490
 
 (1995). Lawyer disciplinary proceedings have a related, but slightly different-set of concerns, inasmuch as "disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct."
 
 In re Fahrenholtz
 
 , 17-0261, p. 7 (La. 4/7/17),
 
 215 So.3d 204
 
 , 208. For purposes of lawyer discipline, I find the text of Rule 3.8(d) sets a sufficiently descriptive standard for evaluating a prosecutor's conduct, requiring disclosure of what the prosecutor actually "knows" or "reasonably should know" at the time to be exculpatory material. Here, I agree with the majority that the respondent did not violate Rule 3.8(d).
 

 Hughes, J., concurs and assigns reasons.
 

 I concur in the result. There were others more culpable in this case than respondent and I do not believe any discipline is appropriate.
 

 According to the formal charges, a "detective ... learned that ... Kristyn's sister ... Misty, had been present with their mother some two years earlier when they discovered a .22 cal. revolver which Kristyn had apparently stolen from her mother and concealed in her personal belongings." Misty shared this information with her husband, who in turn shared it with a detective, who in turn provided this information to the prosecution.
 

 In the original "Invitation to Comment," the proposal was to disclose information "that a reasonable prosecutor would know," and this court's ultimate revision of Rule 3.8 modified this wording slightly to require disclosure of what a prosecutor "reasonably should know" to be exculpatory.
 
 See
 
 "Invitation to Comment" on proposed changes to Rule 3.8(d) (available at
 
 https://www.lasc.org/la_judicial_entities/documents/INVITATION_TO_COMMENT_RULE_3_8(d).pdf)
 
 ;
 
 see also
 
 Order to Amend Rule 3.8(d) of the Louisiana Rules of Professional Conduct (available at
 
 http://www.lasc.org/rules/orders/2006/Rule_3_8(d).pdf)
 
 .
 

 The
 
 Bagley
 
 Court began its opinion by reciting: "In
 
 Brady v. Maryland
 
 ,
 
 373 U.S. 83
 
 , 87,
 
 83 S.Ct. 1194
 
 , 1196,
 
 10 L.Ed.2d 215
 
 (1963), this Court held that 'the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment.' "
 
 Bagley
 
 ,
 
 473 U.S. at 669
 
 ,
 
 105 S.Ct. 3375
 
 .